UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **LEVAR ROBINSON, PLAINTIFF** | **CIVIL ACTION NO.** |
| Versus | |
| **EXXON MOBIL CORPORATION D/B/A EXXON MOBIL CORPORATION BATON ROUGE POLYOLEFINS PLANT, DEFENDANT.** | **JURY DEMAND** |

## COMPLAINT

### NATURE OF THE ACTION

**COMES NOW,** the Plaintiff, Levar Robinson ("Robinson"), a person of the full age of majority domiciled in the City of Baton Rouge, East Baton Rouge Parish, State of Louisiana, through undersigned counsel, brings this action for Discrimination against in violation of Title VII of the Civil Rights Act of 1964 against made Defendant, Exxon Mobil Corporation D/B/A Exxon Mobil Corporation Baton Rouge Polyolefins Plant ("Exxon Mobile") alleges Exxon Mobil sanctioned unlawful harassment directed towards Robinson on the basis of his race; Exxon Mobile's policies, practices, and decisions exacted a disparate impact upon Robinson based on his race. Robinson seeks declaratory relief, compensatory damages, punitive damages, liquidated damages, and reasonable attorneys' fees and costs as remedies for violations of Robinson's rights.

### JURISDICTION & VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.§ 2000e-5(f)(1) and (3), and pursuant to Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

1

2. The employment practices alleged to be unlawful were committed in the State of Louisiana and, therefore, within the jurisdiction and venue of the United States District Court for the Middle District of Louisiana pursuant to Title VII, 42 U.S.C. § 2000e-5(f)(3).

## PARTIES

3. Plaintiff, Robinson is a person of the full age of majority domiciled in the City of Baton Rouge, East Baton Rouge Parish, State of Louisiana.,

4. At all relevant times, Exxon Mobil has continuously been a corporation doing business under the trade name Exxon Mobil Corporation Baton Rouge Polyolefins Plant in the State of Louisiana and has continuously had at least 15 employees.

5. At all relevant times, Exxon Mobil has continuously been an employer engaged in an industry affecting commerce under Title VII, 42 U.S.C.§ 2000e(b), (g), and (h).

## ADMINISTRATIVE PROCEDURES

6. More than 30 days before the institution of this action, Mr. Robinson filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("Commission"), alleging violations of Title VII by Exxon Mobil.

7. The Commission mailed a Notice of Right to Sue on or around February 24, 2023.

8. That all the condition precedent to the institution of this action have been fulfilled, Robinson timely files the instant action within 90 days of receipt of the Commission's Notice of Right to Sue.

## STATEMENT OF CLAIMS

9. Since at least August 2021, Exxon Mobil has engaged in unlawful employment practices in violation of Title VII, 42 U.S.C. § 2000e-2(a) in failing or refuse to discharge any individual, because of such individual's race, color, application of Exxon Mobile's policies and practices in

2

such a manner exacting a disparate impact upon Robinson based on race, subjecting Robinson to a hostile work environment on the basis of race in the process.

    A. Exxon Mobil operates a chemical plant and oil refinery in Baton Rouge, Louisiana.

    B. Together, the chemical plant and the oil refinery constitute Exxon Mobil Baton Rouge Complex.

    C. Robinson has been employed by Exxon Mobil as a Process Technician at its chemical plant since Mach 2018.

    D. Robinson is Black.

    E. Marcus Cook ("Cook") has been employed by Exxon Mobilas a Process Technician at its chemical plant at least since Mach 2019.

    F. Cook is white.

    G. Cook and Robinson worked the same shift on occasion and/or Robinson or Cook relieved each other at the conclusion of their respective shifts.

    H. At least since August 2021, Cook developed a history of persistently engaging in unwelcome confrontations with fellow operators, supervisors and anyone who got in his way.

    I. Cook went around referring to black workers at the plant as "boy." It has been reported on numerous occasions, invited coworkers to meet him at the gas station to fight him, got in the face of coworkers and bump chests.

    J. Cook's volatile temper was on full display when, becoming agitated at a union meeting, Cook punched holes in a wall at the meeting place with his bare fists.

    K. Cook engaged in a disrespectful verbal exchange with then Operations Manager Kristin Martin at that same meeting.

    L. Exxon Mobil was aware of Cook's volatility.

M. After becoming enraged when his wife asked him for a divorce over the phone, Cook told his supervisor at that time, James Warner, he was leaving, walked off the job.

N. James Warner immediately called the front gate security and told them to deactivate his badge so he could not come back into the plant.

O. Aware of Cook's volatility, James Warner called the front gate security and told them to deactivate his badge out of fear Cook would return to the plant to harm other employees.

P At least since August 2021, Cooks' misconduct has been repetitive and continuous on a long-term basis. Exxon Mobil new or should have known and failed to take prompt remedial action.

Q. Reports of Cook's actions to his immediate supervisor fell on deft ears; were not addressed even if an HR reports have been submitted.

R. On April 3, 2022, Robinson and Cook had an ugly confrontation that started over the phone and ended in the BRPO Operations Control Room.

S. Robinson became angry after Cook texted that he would be late for shift relief.

T. Cook is a military veteran and suffers from Post-Traumatic Stress Disorder (PTSD).

U. When Cook arrived, a confrontation ensued with Robinson telling Cook uses his PTSD as shield to "f--- with everyone else, "I'm going to [use it to] keep f -----with you."

V. Several witnesses stated that Cook then called Robinson the "N-Word." One said. it was "Ignorant N-Word." Another said it as "Stupid N-Word." Another said it was. "you're being an N-Word."

W. The racial event happened on Sunday morning. Robinson was called in to work the following Monday due to what happened; Robinson filed a report of the incident to HR.

X. Robinson engaged in a protected activity when he reported Cook's harassment to Exon's Human Resources Department.

4

Y. Robinson called in to work on Tuesday for the same reason; informed the Shift Superintendent Bryan Meyers that Marcus Cook was going around saying that if he was terminated that he was going to take people out with him.

Z. Exxon Mobil placed Robinson on excused medical leave the next day.

AA. Exxon Mobil decided to issue Cook Decision-Making Leave (DML). DML is the most severe discipline short of Termination under BRPO's discipline process. It is essentially one last chance.

BB. Robinson is Black and belongs to a protected group; Robinson was subjected to unwelcome harassment based on race.

CC. Exxon Mobil acknowledges the "N-word" is one of the worst – if not the worst – slurs imaginable given its history and context.

D.D. Exxon Mobil knew or should have known that the measures taken were ineffective and that additional measures were necessary to prevent further harassment.

EE. Cook and Robinson worked the same shift and/or Robinson or Cook relieved each other at the conclusion of their respective shifts.

FF. That Exxon Mobil acknowledges the "N-word" is one of the worst – if not the worst – slurs imaginable given its history and context; Exxon Mobil's decision to issue a Decision-Making Leave (DML) renders Cooks harassment more severe or pervasive so to alter the conditions of employment and create an abusive working environment.

GG. That Exxon Mobil knew or should have known and failed to take prompt remedial action with respect to Cook's prior acts, Exxon Mobil's decision to issue a Decision-Making Leave (DML) rendered Cooks harassment even more severe or pervasive to alter the conditions of employment and create an abusive working environment.

HH. Exxon Mobil's actions were malicious and/or in reckless disregard of Robinson's federally protected right to be free from racial discrimination in the workplace.

## DEMAND FOR JURY TRIAL

Robinson demands a jury trial on all causes of action and claims to which they have a right to jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Levar Robinson prays for relief as follows:

A. Order Exxon Mobil to make and preserve all records relevant to the determination of whether unlawful employment practices have been or are being committed, in accordance with Title VII, 42 U.S.C. § 2000e-8(c).

B. Declaration that Exxon Mobil's actions, policies, and practices as alleged herein are unlawful.

C. For lost wages and all other compensation denied or lost to Levar Robinson by reason of Exxon Mobil's unlawful actions, in an amount to be proven at trial.

D. For compensatory damages for Levar Robinsons emotional pain and suffering, in an amount to be proven at trial.

E. For punitive damages in an amount to be determined at trial.

F. For interest on lost wages, compensation, and damages, including pre- and post-judgment interest and an upward adjustment for inflation.

G. For reasonable attorneys' fees and costs of suit pursuant to 42 U.S.C. § 2000e-5(k),

H. For such other and further relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED:
/s/Jerome J. Pellerin
JEROME J. PELLERIN (17739)
11292 NOTAWAY LANE
NEW ORLEANS, LOUISIANA 70128
504.261.5839 (office) 504.322.3285(fax)
